IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAN MICHAEL BRAWNER, JR.                                                   PETITIONER

V.                                                         CIVIL ACTION NO.: 2:07CV16-MPM

CHRISTOPHER EPPS, ET AL.                                                  RESPONDENTS

<u>ORDER</u>

Petitioner, a death-row inmate, filed a petition for writ of habeas corpus with this Court on April 18, 2007, and Respondents filed a response to the petition on June 20, 2007.[1] Presently before the Court is Petitioner's motion to accept *instanter* the traverse in response to the answer filed in this cause, which Petitioner submitted to the Court on March 18, 2008.[2] In support of his motion, Petitioner filed a brief in which he requests this Court stay federal habeas proceedings so that he might file a successive petition with the Mississippi Supreme Court and exhaust ground thirteen of his federal petition. Respondents oppose this request, asserting that (1) any amendment to the federal petition would be barred by the statute of limitations governing this cause, (2) Petitioner has not otherwise demonstrated an entitlement to a stay, and (3) the State court would find the successive petition barred under its procedural rules. For the reasons that follow, Petitioner's motion to have the Court accept his traverse is **GRANTED**, and his motion to stay federal habeas proceedings is **DENIED**.

---

[1] The Court notes that Respondents allege the petition was not filed until April 20, 2007.

[2] Docket entry no. 12

1

Because Petitioner concedes that ground thirteen of his petition has never been presented to a court of the State and the statute of limitations for filing a federal habeas petition has expired, his petition is subject to dismissal due to the presence of the unexhausted claim. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Petitioner requests that this Court exercise its limited authority to stay federal habeas proceedings and hold the petition in abeyance while Petitioner returns to State court and exhausts his remedies. *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). In order to avail himself of the stay provision of *Rhines*, the Court must determine that Petitioner: ( 1) had good cause for failing to exhaust the claim in State court; (2) has presented claims that are not "plainly meritless," and (3) did not fail to present the claim in State court for purposes of delay. *Id.* at 277-78, 125 S.Ct. at 1535.

Ground thirteen of Petitioner's habeas petition contains numerous allegations of ineffective assistance of counsel. Petitioner maintains that these allegations of error were not presented to the State court due to post-conviction counsel's failure to file an amended petition for post-conviction relief as ordered by the Mississippi Supreme Court. Apparently, the Mississippi Supreme Court ordered an amended petition filed as Petitioner's trial proceedings had never been transcribed and reviewed. Petitioner asserts that he is not arguing the ineffectiveness of post-conviction counsel as a ground for relief but is simply presenting facts to show the Court why the claim was not exhausted in State court. The Court does not see a significant distinction between the two positions, as Petitioner is asserting the failure of post-conviction counsel as "good cause" to receive a stay and return to State court. While there is no consensus among federal courts on what constitutes "good cause" within the meaning of *Rhines*,

2

this Court concludes that it is analogous to the external "cause" required to excuse a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 755 (1991) (requiring petitioner to demonstrate some "objective factor external to the defense" that made it impossible to bring the claim earlier in State proceedings). As the omissions or errors of State post-conviction counsel cannot constitute "cause," Petitioner has not demonstrated "good cause" for failing to exhaust his claim in State court. *See, e.g., Jones v. Johnson*, 171 F.3d 270, 277 (5th Cir. 1999) (no constitutional right to counsel in state post-conviction review). Petitioner is not entitled to a stay of proceedings on the argument presented.[3]

However, the Court determines that it need not require Petitioner to amend his petition to delete the unexhausted claim without providing Petitioner a full opportunity to demonstrate that the claim should be reviewed on the merits. The Court has the option of treating Petitioner's claim as procedurally defaulted as it finds it clear that the State court would find the claim procedurally barred. *See Wilder v. Cockrell*, 274 F.3d 255, 262-63 (5th Cir. 2001); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). The Court determines that Petitioner's claim would be barred in State court on the basis of Mississippi's time and successive petition bars. Mississippi law prohibits the filing of successive petitions for post-conviction relief, and it also places a one-year limitations period on post-conviction filings. *See* Miss. Code Ann. § 99-39-27(9) (successive petition bar) and Miss. Code Ann. § 99-39-5(2) (time bar). To be exempted from either bar, Petitioner must "demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have

---

[3] The Court is unaware of any impediment that would prevent Petitioner from pursuing a successive State petition while simultaneously pursuing federal habeas relief.

actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence." On the scant facts provided, Petitioner has not demonstrated that either of these exemptions are applicable to his claim of ineffective assistance of counsel, and thus, it would be barred by the procedural rules of the State.

However, Petitioner may receive federal habeas review of a defaulted claim if he can demonstrate cause and prejudice for the default. *See Fisher v. Texas*, 169 F.3d 295, 301 (procedural default excused upon showing of cause and prejudice). The Court declines to conclude at this stage of the proceedings that Petitioner cannot ultimately show "cause" for the default merely because he failed to show "good cause" with regard to the instant request for a stay. In addition, Petitioner has argued that the State corrective process was ineffective to protect his rights, which if proved, would allow federal habeas review of his claim. *See* 28 U.S.C. § 2254(b)(1)(B)(ii). As neither Petitioner nor Respondents have fully explored their respective claims and defenses in their pleadings, the Court finds it would be premature to require dismissal of Petitioner's thirteenth ground for relief without requiring briefing in this cause.

Therefore, it is **ORDERED** that:

1. Petitioner's motion to accept *instanter* the traverse in response to the answer is **GRANTED**;

2. Petitioner's request for a stay of his federal habeas proceedings is **DENIED**;

3. Petitioner shall submit to this Court a memorandum of authorities and related documents in support of his petition on or before June 9, 2008. Said

memorandum shall fully address each claim raised in the related petition.

4. Respondents shall submit to the Court a memorandum of authorities in support of their answer within ninety (90) days of receipt of Petitioner's memorandum of authorities. Said memorandum shall respond to each claim raised in the petition.

5. Any party seeking an extension of any of the foregoing deadlines shall file a written motion requesting such extension *prior to* the expiration of the deadline in question and shall set forth in detail the reasons why that party, despite the exercise of due diligence, will be unable to comply with that deadline.

**THIS** the 11th day of April, 2008.

                    **/s/ MICHAEL P. MILLS**
                    **CHIEF JUDGE**
                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF MISSISSIPPI**