IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JAN MICHAEL BRAWNER JR.,                                                  Petitioner

vs.                                                  CIVIL ACTION NO. 2:07-cv-16-MPM

CHRISTOPHER B. EPPS, ET AL,                                        Respondents

**ORDER DENYING MOTION TO ALTER/AMEND JUDGMENT**

Petitioner moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter this Court's judgment dismissing his petition for a writ of habeas corpus.[1] *See Brawner v. Epps*, 2010 WL 383734 (N.D. Miss., Jan. 27, 2010). In considering the instant motion, the Court notes that the purpose of a Rule 59(e) motion is not to relitigate arguments or persuade a rehearing on the merits, but to call into question a judgment's correctness. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). A judgment may be amended under the rule when there exists a need to: (1) correct a clear error or prevent manifest injustice; (2) present previously undiscoverable evidence; or (3) reflect an intervening change in controlling law. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Having considered all of the arguments raised by Petitioner and the responses thereto, the Court determines that Petitioner fails to demonstrate any of the narrow circumstances that would warrant amendment to the judgment, for the reasons that follow.

Petitioner has attached two exhibits to the instant motion. The first is a declaration from Dr. Little-Hendren, a clinical psychologist who evaluated Petitioner prior to his trial. The second

---

[1] Docket entry no. 47.

1

item is a report from clinical neuropsychologist, Dr. Goff. Neither of these documents were presented in State court, nor were they presented to this Court prior to its decision dismissing the petition for writ of habeas corpus. This Court granted Petitioner's request to allow Dr. Goff access to Petitioner for the purpose of conducting neuropsychological testing by order entered on December 29, 2008. On July 27, 2009, when Petitioner filed his reply memorandum to the answer filed by Respondents, none of the information in Dr. Goff's report or in Dr. Little-Hendren's declaration was mentioned. Petitioner never moved to supplement his petition to include this information prior to filing the instant motion, and it is not newly discovered or previously unavailable evidence. Therefore, this evidence will not be considered or mentioned further in this Order. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) ("A motion to alter or amend the judgment under Rule 59(e). . . cannot be used to raise arguments which could, and should, have been made before the judgment issued."); *see also Coleman v. Quarterman*, 456 F.3d 537, 546 (5th Cir. 2006) (rejecting habeas claim raised for first time in Rule 59(e) motion).

Petitioner maintains that he is entitled to relief based on this Court's adjudication of his claims concerning the investigation and presentation of mitigating evidence by his trial counsel. Petitioner argues that this Court's judgment fails to acknowledge that a law clerk handled most of the pre-trial preparation in his case, and that the Court ignored applicable precedent and erroneously applied the law in accepting the Mississippi Supreme Court's adjudication of trial counsel's investigation into available mitigating evidence. Petitioner also argues that it was error to equate his statements that he deserved to die with a finding that he wanted to die, and that the record demonstrates that he did not intend to waive the presentation of all mitigating evidence.

Having fully considered the arguments raised by Petitioner, the Court finds no reason to depart from its prior judgment on this issue.

In its Opinion denying federal habeas relief, the Court recited at length portions of the record that demonstrate Petitioner's refusal to allow the presentation of evidence in mitigation. Therefore, it only here notes that the record is replete with references that Petitioner did not want mitigating evidence presented, and that he did not want to pursue any deal or trial strategy that would result in a sentence of life in prison. (*See, e.g.*, Pet. Memo Ex. 10, 11; Trial Tr. Vol. 3, 65; Trial Tr. Vol. 5, 313; Trial Tr. Vol. 6, 453-54, 455, 457). The bifurcated nature of a capital murder trial was explained to Petitioner on the record prior to the sentencing phase of trial, and he voiced his desire to waive the presentation of mitigating evidence. (*See* Trial Tr. Vol. 5, 389; Trial Tr. Vol. 6, 455). The trial court found him competent to do so, noting that he had "consistently instructed his lawyer" not to put on evidence in mitigation. (Trial Tr. Vol. 6, 457). Despite Petitioner's repeated instructions that he did not want to seek a sentence less than death, Mr. Walker subpoenaed witnesses to trial that he believed might be favorable to the defense. (*See* Pet. Memo Ex. 18; Trial Tr. Vol. 5, 387). At the jury instruction conference, the trial court noted that it was giving instructions on mitigating factors over defense counsel's objection. (*See* Trial Tr. Vol. 6, 453-54).

In short, the record demonstrates that defense counsel and the trial court took pains to ensure that Petitioner understood his right to present evidence and the consequences of foregoing the presentation of mitigating evidence. The record shows that Mr. Walker filed and presented numerous motions to the trial court, met with Petitioner and discussed trial strategy, examined and cross-examined witnesses, and presented opening and closing argument at trial. While Mr.

Defer was also involved in pre-trial and trial preparation, the record shows that he was involved under Mr. Walker's supervision. The decision that Petitioner was not denied the effective assistance of counsel on the grounds asserted by Petitioner is not unreasonable, and the Court does not alter its judgment on this issue.

Additionally, the Court rejects the argument that it committed manifest error in finding Petitioner's claim that counsel was ineffective in failing to develop a meaningful relationship with him barred, and it notes that it otherwise found that Petitioner's claim would not succeed on its merits. As the Court alternatively noted in its opinion, there is no evidence that the relationship between Petitioner and his counsel was impaired, and the law otherwise grants defendants no right to a "meaningful relationship" with trial counsel. *See Morris v. Slappy*, 461 U.S. 1, 13-14 (1983) ("[W]e reject the claim that the Sixth Amendment guarantees a 'meaningful relationship' between an accused and his counsel."); *Jones v. Walker*, 496 F.3d 1216 (11th Cir. 2007) (there is no right to a meaningful relationship under Sixth Amendment).

Finally, Petitioner maintains that this Court made a manifest error of law in accepting Mississippi's treatment of Petitioner's gender discrimination claim, and that it made manifest errors of fact in relying upon the court's consideration of Petitioner's challenge to the voir dire process where the complete record was not available at the time of the decision on direct appeal. The Court notes that both the appellant and appellee's briefs on direct appeal cite to the trial record in discussing Petitioner's voir dire claim. (*See* "Briefs and Other Pleadings," 2002-DP-00615-SCT). The peremptory challenges and their explanations were in the record at the time of the relevant State court decision. The Court otherwise notes that over half of the first twelve jurors tendered to the defense were female, and females made up as was more than sixty percent

4

of the jury pool. The seated jury was comprised of nine women. This Court determined that Petitioner had not shown that it was objectively unreasonable for the Mississippi Supreme Court to find that Petitioner had not made out a prima facie case of gender discrimination or shown that an invidious purpose should be inferred in light of these facts. It now declines to alter the judgment in this case based upon the resolution of counsel's failure to have the entire record transcribed, or upon the treatment of Petitioner's gender discrimination claim.

The Court finds that Petitioner has not demonstrated that the Court made manifest errors of law or fact in rejecting his claims on federal habeas review, and all relief requested in the instant motion is, therefore, **DENIED**.

**SO ORDERED** this the 21st day of May, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**